## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

**Civil Case No. 1:22-cv-00216-_____**

**Ashley Ellis, Amanda Harjo,** and **Dallas Harjo**

**Plaintiffs,**

**v.**

**Logistics Hospitality LLC**, f/d/b/a Ramada Inn (Pueblo),
**Nahid Sultana,** an individual; and **Md "Rush" Hossein,** an individual,

**Defendants.**

---

## COMPLAINT

---

## <u>INTRODUCTION</u>

1. Each of the three Plaintiffs worked in housekeeping at the Ramada Inn that was, at relevant times, owned by Logistics Hospitality LLC. Its owner and manager, Nahid Sultana and "Rush" Hossein, respectively, authorized several pay practices violative of the relevant wage laws, including not even paying the Plaintiffs an effective rate at or above minimum wage for all hours worked. As one example, rather than tracking their hours worked, the hotel would simply pay them at a rate of two rooms cleaned for the then-applicable minimum wage rate, regardless of how much time the rooms actually took or what other compensable work they did aside from the time spent cleaning the rooms. In addition, the owner directed that the Harjos' pay should be halved. For example, one week each both worked 72 hours, but they were only paid as if they had each worked 36 hours.

2. Plaintiff Ashley Ellis reported concerns about her employers' wage payment practices to the US Department of Labor, which after an investigation resulted in a finding of several

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

violations in the establishment, not just in relation to the plaintiffs named here. Once the three individuals let it be known that they were pursuing their wage rights with the US DOL and with a lawyer, they experienced retaliation, as further described below.

3. To challenge these and other wage violations, Plaintiffs Ashley Ellis, Amanda Harjo, and Dallas Harjo bring this action, by and through their attorneys, against Defendants Logistics Hospitality LLC, f/d/b/a Ramada Inn, and Nahid Sultana and Md "Rush" Hossein, individuals, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, et seq. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, et seq., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Orders") and then the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA"). Plaintiffs also bring conversion claims, since, as expressly indicated in the COMPS order, failure to pay at or above minimum wage, and/or nonpayment of wages in general, is deemed theft.

4. Plaintiffs further allege that Defendant violated the anti-retaliation provisions of the FLSA and/or CWCA in response to their decisions to pursue their wage claims with the US DOL and private attorneys regarding their employer's wage and hour violations.

5. In addition, the Harjo Plaintiffs bring claims for wrongful eviction based on being unlawfully deprived of access to the room in which they had established residency.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Ellis v. Ramada Inn*
USDC, District of Colorado

Complaint
Page 2

7. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

8. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' hotel located at 4073 North Freeway, Pueblo, Colorado 81008.

## PARTIES

### Defendant Logistics Hospitality LLC f/d/b/a Ramada Inn

9. Defendant **Logistics Hospitality LLC** d/b/a Ramada Inn (hereinafter "**Logistics Hospitality**") is a corporation doing business within Pueblo County, and whose principal place of business is listed with the Secretary of State as being at 311 Royal Gorge Blvd, Canon City, CO 81212. Its registered agent is listed as Nahid Sultana at the same address.

10. Defendant Logistics Hospitality owned and operated the Ramada Inn located at 4073 North Freeway, Pueblo, Colorado 81008 until it was sold on or about October 14, 2021.

11. At all relevant times, Defendant Logistics Hospitality had annual gross revenues in excess of $500,000.

12. Defendant operated a major brand hotel whose guests came from all over the US and beyond, used online reservation systems and telephones as part of its general operations, and purchased and used supplies that originated outside of the state.

13. At all relevant times, Defendant Logistics Hospitality was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

14. At all times material to this action, Defendant Ramada Inn was subject to the FLSA and was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ellis v. Ramada Inn*
USDC, District of Colorado

Complaint
Page 3

**Defendant Nahid Sultana**

15. Defendant Nahid Sultana, an individual, resides in Colorado.

16. At all times material to this action, Defendant Sultana actively participated in the business of the LLC.

17. Defendant Sultana is the managing member of the LLC.

18. At relevant times Defendant Sultana was an, or the, owner of the hotel (through the LLC).

19. Functionally speaking, Defendant Sultana was at relevant times the "big boss." He did not report to anyone else. Other employees reported to him.

20. At all times material to this action, Defendant Sultana exercised substantial control over the functions of the company's employees including Plaintiffs. For example, Defendant Sultana had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

21. At all times material to this action, Defendant Sultana was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

**Defendant Md "Rush" Hossein**

22. Defendant Md "Rush" Hossein, an individual, resides in Colorado.

23. At all times material to this action, Defendant Md "Rush" Hossein actively participated in the business of the corporation.

24. At relevant times Defendant Hossein served as a *de facto* Regional Manager of hotels including the Ramada Inn at issue.

25. Defendant Hossein was functionally the "second in command" over the hotel in question.

26. At relevant times Defendant Hossein also had (and may still have) managerial duties over at least one other hotel.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Ellis v. Ramada Inn*
USDC, District of Colorado

Complaint
Page 4

27. In relation to the Ramada Inn operations, Defendant Hossein reported to Defendant Sultana.

28. Other employees of the Ramada, including the functional manager of the hotel at issue, Jackie Esquidilo, reported to Defendant Hossein.

29. At all times material to this action, Defendant Md "Rush" Hossein also exercised substantial control over the functions of the company's employees including Plaintiffs. For example, he was the individual called in to respond to the Harjos' Plaintiffs' calls to the police described below.

30. At all times material to this action, Defendant Md "Rush" Hossein was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

**Plaintiff Ashley Ellis**

31. Plaintiff Ashley Ellis is a resident of Pueblo County, Colorado.

32. Plaintiff Ellis began working at the Ramada Inn in question in housekeeping on or about November 1, 2020.

33. She is still employed at the hotel, albeit under different owners.

34. At all times material to this action, Plaintiff Ellis was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

35. During at least some weeks, Plaintiff Ellis would be assigned to work in the laundry room for one day a week and to clean hotel rooms other days in the week. When she worked in the laundry room she was permitted to clock in and out on a time clock. However, on the days she cleaned rooms, rather than tracking her hours worked the hotel would simply pay her at a rate of $12.00 (in 2020) or $12.32 (2021) per two rooms cleaned, regardless of how

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ellis v. Ramada Inn*
USDC, District of Colorado

Complaint
Page 5

much time the rooms actually took or what other compensable work she did aside from the time spent cleaning the rooms.

36. Plaintiff Ellis generally did not get *bona fide* meal and rest breaks.

**Plaintiffs Dallas and Amanda Harjo**

37. Plaintiffs Dallas and Amanda Harjo ("the Harjos"), husband and wife, and are currently residents of Oklahoma.

38. The Harjos came to Colorado from Texas on or about June 3, 2021, and checked in to the Ramada Inn in question.

39. A few days later, on or about June 6, 2021, both Harjos were offered employment and began working at the Ramada Inn.

40. Amanda Harjo did housekeeping work.

41. Dallas Harjo did a combination of housekeeping, more in depth cleaning projects, and handyman type jobs.

42. The fact that the Harjos were living on premises was of benefit to the company insofar as they were regularly called upon to clean rooms or handle other situations that arose after other members of the housekeeping staff had gone home for the day.

43. At all times material to this action, the Harjos were "employees" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

44. Whereas the normal room rate had been around $66 a night, Defendant Hossein offered the Harjos a discount down to $50 per night. It was not specifically articulated as to whether this was due to their long term stay or due to the fact that they were working there.

45.  Like Plaintiff Ellis, the Harjos' pay rate for cleaning rooms was at a rate of two rooms for $12.32, regardless of how long it took.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Ellis v. Ramada Inn*
USDC, District of Colorado

Complaint
Page 6

46. The Harjos generally did not get *bona fide* meal and rest breaks.

47. In general the Harjos were not permitted or expected to record their time worked.

48. The Harjos both typically worked many hours a day (usually around 8-12, depending on the needs), at least 6 days a week.

49. After learning that the hotel manager Jackie Esquidil had been paying each of the Harjos for the 70+ hours a week they had been working, Defendant Sultana directed that they each be paid half the hours they had actually worked, combining their labors as if they were one person instead of two.

50. As a result of this pay decrease, each of the Harjos was earning less than $350 net biweekly, which was not even quite enough to cover the $50 a night Defendants were charging them for the room, much less anything else for food or other necessities.

51. The Harjos complained about this unlawful pay reduction.

52. Upon finding out about Ms. Ellis's complaint to the US DOL, the Harjos cooperated with that investigation, and also began searching for an attorney.

53. Because they were not being paid for all of their time worked, the Harjos decided to stop working for the Defendants on or about September 3, 2021.

54. At that time the Defendants presented the Harjos with an invoice for money they supposedly owed to the hotel totaling almost $3,000. Many of the line items did not pertain to nightly room charges but for alleged pet fees and other miscellaneous fees that had not been part of the arrangement.

55. Every day one of the individual Defendants would come by their room demanding that they pay it and leave the premises.

56. On September 5, 2021 the Harjos called the police to come out. During this visit the officers

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ellis v. Ramada Inn*
USDC, District of Colorado

Complaint
Page 7

met with Defendant Sultana and instructed him that because the Harjos had been living in the same room for more than 30 days they were considered "residents" who had lawful standing to occupy the space and  explained that the remedy to get them out was to engage in eviction proceedings in court. The officers indicated that because it was a civil matter they could not force the Harjos to leave due to alleged nonpayment but also could not force the hotel to issue a new key card.

57. Later that same evening the Harjos returned from having been away for the day and learned that the key for their room was no longer working. The individual working at the front desk had been instructed by Defendant Hossein not to give them a new key. The Harjos called the police again, trying to get access to their room based on what they had been told earlier in the day about her right to not be kicked out of what had become her lawful "residence" without eviction proceedings.

58. Amanda Harjo told the officers that her dog, her medications, and their other belongings were inside the room, that she was 4 months pregnant, and that they had nowhere else to go.

59. The officers then indicated to Defendant Hussain that in court there might be civil consequences for not providing the Harjos access to their room and that it would be a good idea to let them in. Defendant Hussain indicated that he would be willing to open the room for them only if they promised to get their belongings and leave. The officers let him know that they did not have the authority to make the Harjos leave and that once they had access they did have authority to remain there. Defendant Hussain indicated that he could not do it on his own and would need permission from Defendant Sultana and told Ms. Harjo to call him. Ms. Harjo attempted to call him but upon realizing that she did not have his

**ANDERSON DODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Ellis v. Ramada Inn*
USDC, District of Colorado

Complaint
Page 8

number began to break down in tears in front of the officers and Mr. Hussein. Mr. Hussein gave her the number, but when she dialed it he did not answer.

60. Ms. Harjo began to hyperventilate and sat down on a nearby bench. One of the officers asked her if she needed medical attention, and when she did not respond suspected she was having a panic attack and called an ambulance to come.

61. The Defendants did not go through eviction proceedings in regard to the Harjos.

62. However, due to being locked out of their room, the underpayments, the hostile behavior they had experienced, and the general uncertainty of how they would be treated going forward, the Harjos did vacate the premises a few days later, on September 14, 2021, and returned to Texas.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

63. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

### *Failure To Pay Minimum Wage*

64. During at least some workweeks, Defendants failed to pay Plaintiffs at an effective rate at or above the federal minimum wage for all hours worked, in violation of the FLSA.

65. Specifically, at least during the workweeks in which the Defendants were paying the Harjos for half their time worked they were effectively paying them at a rate of $6.16 per hour.

### *Failure To Pay Time Overtime Properly*

66. Defendants failed to compensate Plaintiffs employees at a rate of one-and-one half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ellis v. Ramada Inn*
USDC, District of Colorado

Complaint
Page 9

*Record-Keeping Failures*

67. Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiffs, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based On Good Faith & Entitlement to Damages*

68. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

69. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage, overtime, tip credits, and break.  In paying Plaintiffs in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

70. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

71. As a result of the violations by Defendant of the FLSA, the Plaintiffs are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid minimum and overtime wages, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
#### COLORADO WAGE ACT VIOLATIONS

72. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

73. The Defendants were Plaintiffs' "employer" as that term is defined by the COMPS. 7 C.C.R. 1103-1(1.6).

74. Plaintiffs were Defendants' "employees" as that term is defined by the COMPS because they performed labor for the benefit of Defendants in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Ellis v. Ramada Inn*
USDC, District of Colorado

Complaint
Page 10

***Failure to Pay Minimum Wage***
**(Violation of the C.R.S. § 8-6-101 *et seq*.; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

75. The Defendants failed to pay Plaintiffs at an effective rate at or above the applicable minimum wage rate for all hours worked in the workweek.

76. While Plaintiffs' stated hourly rates were right at the state minimum wage rates, because Defendants did not pay them for all the hours they had worked, the amount Plaintiff received in a given workweek divided by the number of hours actually worked resulted in a wage less than the applicable minimum wage rate for at least some, if not all, workweeks.

***Failure to Pay Weekly Overtime Premiums***
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

77. Plaintiffs worked more than 40 hours at least some workweeks.

78. Defendants did not pay the Plaintiffs overtime for all hours worked over 40 in each workweek that they had earned.

79. As a result, Plaintiffs have suffered lost wages and lost use of those wages in an amount to be determined at trial.

80. Plaintiffs are entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to them, and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

81. Defendants violated the CWA as implemented by the COMPS, when they failed to pay the Plaintiffs overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

82. For any and all time worked by all Plaintiffs, or to be credited to all Plaintiffs during a workweek, Plaintiffs are entitled to pay at their regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Ellis v. Ramada Inn*
USDC, District of Colorado

Complaint
Page 11

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

83. Plaintiffs have all been separated from employment with the named Defendants.

84. Defendants have failed to pay Plaintiffs all their wages and compensation earned during Plaintiffs' employment.

### *Denial of Mandatory Rest Periods*
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., COMPS § 5)**

85. Defendants did not pay Plaintiffs for all of their time worked under Colorado law because they did not provide Plaintiffs with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. COMPS § 5.1.

86. Defendants did not pay Plaintiffs for all of their time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks in accordance with the schedule set forth in COMPS § 5.2:

> ***5.2 Rest Periods****. Every employer shall authorize and permit a compensated 10-minute rest period for each 4 hours of work, or major fractions thereof, for all employees, as follows:*

| Work Hours | Rest Periods Required |
|---|---|
| *2 or fewer* | *0* |
| *Over 2, and up to 6* | *1* |
| *Over 6, and up to 10* | *2* |
| *Over 10, and up to 14* | *3* |
| *Over 14, and up to 18* | *4* |
| *Over 18, and up to 22* | *5* |
| *Over 22* | *6* |

> *5.2.1 Rest periods shall be 10 minutes....*
>
> *...*
>
> *5.2.4 When an employee is not authorized and permitted a required 10-minute rest period, his or her shift is effectively extended by 10 minutes without compensation. Because a rest period requires 10 minutes of pay without work being performed, work during a rest period is additional work for which additional pay is not provided. Therefore, a failure by an employer to authorize and permit a 10-minute compensated rest period is a failure to pay 10 minutes of wages at the employee's agreed-upon or legally required (whichever is higher) rate of pay. This Rule 5.2.4 applies equally to rest periods that Rule 5.2.1 permits to be of different durations.*

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Ellis v. Ramada Inn*
USDC, District of Colorado

Complaint
Page 12

87. When the breaks are not provided, the employer has to pay for the missed break time. *Sobolewski v. Boselli*, 2018 WL 4538791 (2018). Thus, for every workday they worked they are owed for another 50 minutes' worth of time (i.e. 5/6th of an hour).

### *Failure to Pay Wages In Response to Wage Demand*
**(Violation of the C.R.S. § 8-6-109)**

88. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated October 1, 2021.

89. Plaintiff, through counsel, issued an additional copy of this demand, attached to a cover letter dated October 19, 2021.

90. Defendants have not tendered any payment in response to this demand.

91. More than 14 days has elapsed since October 1, 2021.

92. Therefore, Defendants owe Plaintiffs statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

### *Record-Keeping Failures; Failure to Provide Pay Stubs*
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq.*, Wage Order 7 C.C.R. 1103-1(12))**

93. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

    a. name, address, social security number, occupation and date of hire

    b. date of birth, if the employee is under eighteen (18) years of age

    c. ***daily record of all hours worked***

    d. record of allowable credits and declared tips

    e. regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ellis v. Ramada Inn*
USDC, District of Colorado

Complaint
Page 13

94. Defendants failed to provide *accurate* paystubs, or an itemized earnings statement of this information, to Plaintiffs for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., COMPS § 7 C.C.R. 1103-1(12)).

*Damages*

95. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

### As And For A Third Cause of Action:
#### CONVERSION/ THEFT OF SERVICES

96. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

97. Pursuant to COMPS #36*ff*, § 8.4, failure to pay an employee less than the minimum wage and willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401.

98. By failing to pay the Plaintiffs all of their wages or compensation, Defendants have committed theft of services.

99. Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiffs for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

### As And For A Fourth Cause of Action:

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ellis v. Ramada Inn*
USDC, District of Colorado

Complaint
Page 14

**WRONGFUL EVICTION**

100.     Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

101.     The Harjo Plaintiffs occupied the same hotel room in the Ramada Inn in question for more than 30 days.

102.     Defendants locked the Harjos out of their room.

103.     The individual Defendants, directly or indirectly by their instruction through an agent, caused the deactivation of the key card that had been provided to the Harjos for the purpose of having access to the room they had been occupying.

104.     Police officers informed Defendants that they did not have the authority to remove the Harjos from the property.

105.     Police officers informed Defendants that because the Harjos had been there for longer than 30 days, they would have to be evicted through the court process if the Defendants wanted them off their property.

106.     When she was locked out of her room Amanda Harjo told the Defendants that her dogs, her medicine, and her other belongings were inside.

107.      The Defendants indicated to Amanda Harjo that they would only open the door to their room if they would immediately vacate the room.

108.     Ms. Harjo indicated that she was four months pregnant, and that she had nowhere else to go in the area, as she and her husband were from Texas.

109.     Defendants did nothing to let the Harjos back in to the room.

110.     Defendants did not reactive the Harjos' key card.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

111.     Defendants did not complete court eviction procedures in relation to the Harjos.

112.     Defendants constructively unlawfully evicted the Harjos, which was both retaliatory and actionable in its own right.

### As And For A Fifth Cause of Action:
### FLSA – RETALIATION

113.     Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

114.     Plaintiffs inquired or complained verbally about the propriety of their pay practices to their superiors, including Jackie Esquidil, Defendant "Rush" Hussein, and Defendant Nahid Sultana.

115.     In addition, Plaintiffs participated in a US DOL investigation.

116.     Also, Plaintiffs sought an attorney to assist them with their wage claim, and let this be known to the Defendants.

117.     By pursuing claims regarding the propriety of these pay practices with the Department of Labor and with an attorney, Plaintiffs engaged in a statutorily protected activity.

118.     By complaining about the propriety of these pay practices to Defendants, Plaintiffs engaged in activity protected under the FLSA.

119.     In response, Defendants engaged in a pattern of harassment against the Harjos including badgering them, creating an room invoice containing inaccurate charges in order to bolster their position that the Plaintiffs owed the hotel money when in fact the converse was true,  and unlawfully depriving them an access to the room to which they had lawfully established residency, despite police officers telling the Defendants that their remedy was

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Ellis v. Ramada Inn*
USDC, District of Colorado

Complaint
Page 16

to pursue eviction proceedings if they wanted them out.

120.     In addition, whereas before her complaint to the US DOL Plaintiff Ellis was regularly scheduled for full time hours, after her complaint the Defendants began not infrequently sending her home when she appeared for her scheduled shifts, which effectively deprived her of pay she should have earned.

121.     These actions were causally connected to the Plaintiffs' decisions to complain about and pursue the Defendants' pay practices.

122.     The Plaintiffs' decision to challenge the Defendants' pay practices was a motivating factor in the Defendants engaging in these actions.

123.     Defendants violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiffs for exercising rights protected under the Act.

124.     As a result of these violations by Defendant of the FLSA, the Plaintiffs are entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

### As And For A Sixth Cause of Action:
### CWCA – RETALIATION

125.     Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

126.     Defendants violated the provisions of COMPS § 8.5 by retaliating against Plaintiffs for exercising protected rights, as described above.

127.     As a result of these violations by Defendants of the CWCA, the Plaintiffs entitled to damages in an amount to be determined at trial.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Ellis v. Ramada Inn*
USDC, District of Colorado

Complaint
Page 17

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)     Award Plaintiffs unpaid and underpaid wages due under the FLSA and the CWCA; and

(B)     Award Plaintiffs liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C)     Award Plaintiffs statutory damages as provided for the CWCA; and

(D)     Award Plaintiffs appropriate damages for the retaliatory acts taken against them, including back pay, front pay in lieu of reinstatement, emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial; and

(E)     Award Plaintiffs appropriate damages for the wrongful eviction; and

(F)     Award Plaintiffs appropriate damages for conversion; and

(G)     Award Plaintiffs interest; and

(H)     Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(I)     Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ellis v. Ramada Inn*
USDC, District of Colorado

Complaint
Page 18

Respectfully submitted, this **26th** day of **January**, **2022**.

ANDERSONDODSON, P.C.

_s/ Penn Dodson_

**Penn A. Dodson**
_penn@andersondodson.com_
CO Bar Reg No. 54677
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401
NY Bar No. 2738250
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.

Attorneys for Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

_Ellis v. Ramada Inn_
USDC, District of Colorado

Complaint
Page 19